# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

STEVEN GREGORY BLEVINS,

           Plaintiff,

      v.

RILEY B. LANDEIS and ERIC AUTEN,

           Defendants.

Case No. 3:25-cv-00111-SLG

## SCREENING ORDER

On June 4, 2025, self-represented prisoner Steven Gregory Blevins ("Plaintiff") filed a civil complaint and an application to waive prepayment of the filing fee.[1] Plaintiff names Riley Landeis, his parole officer, and Eric Auten, a public defender appointed to represent Plaintiff in his ongoing state post-conviction relief proceedings, as Defendants.[2] Liberally construed, Plaintiff seeks to challenge his arrest on or about July 17, 2024, his subsequent parole revocation, and his return to custody. Plaintiff is also dissatisfied with the attorney appointed to represent him in his post-conviction relief case in state court. For relief, Plaintiff seeks monetary damages and for the Court to provide him with legal counsel.[3]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's

---

[1] Dockets 1-2.
[2] Docket 1 at 2.
[3] Docket 1 at 5.

Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint as to only his claims against Officer Landeis. Plaintiff's claims against Attorney Auten are dismissed with prejudice and must not be included in an amended complaint. Additionally, Plaintiff must not include any claims that would necessarily imply or assert the invalidity of his parole revocation or his underlying criminal conviction.[4] Alternatively, Plaintiff may file a notice of voluntary dismissal in which he elects to close this case.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[5] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[6]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to

---

[4] *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*citing Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).
[5] 28 U.S.C. §§ 1915, 1915A.
[6] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:25-cv-00111-SLG, *Blevins v. Landeis, et al.*
Screening Order
Page 2 of 18
Case 3:25-cv-00111-SLG    Document 4    Filed 10/30/25    Page 2 of 18

the plaintiff, and resolve all doubts in the plaintiff's favor.[7] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[8] Although a court must liberally construe complaints filed by self-represented plaintiffs, it is not required to sift through disorganized, illegible, or incoherent material to construct claims on a litigant's behalf.[9] Rather, it is the plaintiff's responsibility to gather and plead the necessary facts to support his claims. Apart from searching the Alaska state court dockets on occasion, the Court does not conduct any independent research when screening a complaint. However, a court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[10] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[11]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[12] Futility exists when

---

[7] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).
[8] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).
[9] *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).
[10] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).
[11] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").
[12] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

Case No. 3:25-cv-00111-SLG, *Blevins v. Landeis, et al.*
Screening Order
Page 3 of 18
Case 3:25-cv-00111-SLG    Document 4    Filed 10/30/25    Page 3 of 18

"the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[13]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[14] A complaint that is "verbose, confusing and conclusory" violates Rule 8.[15] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[16] A federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[17] and it is not a court's responsibility to review filings or exhibits to identify possible claims.[18] A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[19]

---

[13] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).
[14] Fed. R. Civ. P. 8(a)(2).
[15] *Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[17] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).
[18] *Keenan v. Allan,* 91 F.3d 1275, 1279 (9th Cir. 1996) (noting that it is not a district court's task "to scour the record" for support for the parties' arguments). *Cf. Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1031 (9th Cir. 2001) (concluding that evidence supporting a party's filing should be "set forth in the ... papers with adequate references so that it could conveniently be found").
[19] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Case No. 3:25-cv-00111-SLG, *Blevins v. Landeis, et al.*
Screening Order
Page 4 of 18
Case 3:25-cv-00111-SLG   Document 4   Filed 10/30/25   Page 4 of 18

Plaintiff describes a series of events occurring beginning on or about July 17th, 2024, when he was allegedly thrown out of a shelter associated with Beans Café at approximately 3:30 a.m. in the morning.[20] Plaintiff claims a 400-pound person stomped on his bare foot, so he walked for approximately five-and-a-half hours to Providence Medical Center.[21] Then, Plaintiff claims he traveled by public bus downtown and walked to his parole officer's office around two o'clock in the afternoon.[22] Plaintiff alleges his parole officer then wrongfully arrested him and returned him to DOC custody.[23]

Plaintiff claims his parole was revoked by the parole board on September 11, 2024,[24] and he was transferred to the Goose Creek Correctional Center.[25] Plaintiff also mentions that he went before the "Board of Psychotropic Medication" on December 6, 2024, and was involuntarily medicated.[26] He claims he appealed the decision, but has not received a response.[27] Plaintiff also claims he has filed hundreds of DOC's Request for Interview (RFI) forms and has received little to no response.[28]

---

[20] Docket 1 at 5.
[21] Docket 1 at 5, 12.
[22] Docket 1 at 5, 12.
[23] Docket 1 at 14.
[24] Docket 1 at 12.
[25] Docket 1 at 6.
[26] Docket 1 at 12.
[27] Docket 1 at 12.
[28] Docket 1 at 8.

Case No. 3:25-cv-00111-SLG, *Blevins v. Landeis, et al.*
Screening Order
Page 5 of 18
Case 3:25-cv-00111-SLG    Document 4    Filed 10/30/25    Page 5 of 18

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[29] of the Courtview records of the Alaska Trial Courts.[30] On February 6, 2025, Plaintiff filed for post-conviction relief in state court.[31] On March 14, 2025, Attorney Eric Auten, a public defender, was appointed to represent Plaintiff in those proceedings.[32] Plaintiff claims Attorney Auten violated court rules and the rules of professional conduct by not contacting Plaintiff or responding to his letters between March 14, 2025 and the date Plaintiff signed his complaint, which was on April 22, 2025.[33]

The publicly available state court records also indicate Plaintiff has two closed criminal cases dating from 1993[34] The most recent docket activity in Plaintiff's criminal cases was correspondence from the Alaska Parole Board filed

---

[29] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); See *also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[30] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[31] Case No. 3AN-25-04659CI, *In the Matters of: Blevins, Steven G. vs. State of Alaska*.

[32] Docket 1 at 5.

[33] Docket 1 at 11, 13.

[34] *State of Alaska vs. Blevins, Steven*, Case No. 3UN-93-00194CR; *State of Alaska vs. Blevins, Steven,* Case No. 3AN-93-04531CR.

Case No. 3:25-cv-00111-SLG, *Blevins v. Landeis, et al.*
Screening Order
Page 6 of 18
Case 3:25-cv-00111-SLG    Document 4    Filed 10/30/25    Page 6 of 18

on March 30, 2018.[35] Neither case included any information about the arrest and parole revocation that form the basis of Plaintiff's complaint in this case.

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[36] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[37] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[38] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[39]

## III. Plaintiff's Claims challenging his parole revocation and return to custody are barred by *Heck*

In *Heck v. Humphrey*,[40] the Supreme Court held that a prisoner's damages claims that necessarily implied the invalidity of his conviction or sentence could not

---

[35] *State of Alaska vs. Blevins, Steven*, 3AN-93-04531CR, Docket Entry 03/30/2018 ("Letter or Other Correspondence from Alaska Parole Board").

[36] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[37] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[38] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002).

[39] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).
[40] 512 U.S. 477 (1994).

Case No. 3:25-cv-00111-SLG, *Blevins v. Landeis, et al.*
Screening Order
Page 7 of 18
Case 3:25-cv-00111-SLG     Document 4     Filed 10/30/25     Page 7 of 18

be maintained in federal court under Section 1983 unless the prisoner-plaintiff first proved "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"[41] *Heck* also applies to claims attacking the validity of conferment resulting from a parole revocation, as is the case here, unless the parole board's decision has been reversed, expunged set aside or called into question.[42]

Here, Plaintiff has not demonstrated that his parole revocation or his underlying conviction has been overturned or otherwise favorably terminated.[43] Plaintiff claims the parole board revoked his parole. He also claims his appeal to the "Director of Institutions by PO DASH @ACC- West" went unanswered.[44] It is unclear what Plaintiff filed, but he has not pleaded facts demonstrating that the parole revocation decision has been reversed, expunged, set aside, or otherwise invalidated. Additionally, Plaintiff acknowledges he has an ongoing post-conviction relief proceeding in state court.

Therefore, to the extent Plaintiff's allegations against Officer Landen's would necessarily imply the invalidity of his parole revocation or the underlying criminal

---

[41] *Id.* at 486–87 (citation omitted).
[42] *See Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995).
[43] *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*citing Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).
[44] Docket 1 at 11.

conviction, such claims must be DISMISSED and must not be brought in an amended complaint in a Section 1983 damages action. Such claims must be alleged in a petition for a writ of habeas corpus in a separate case, not as a Section 1983 action seeking damages.[45] However, Plaintiff must first exhaust his state court remedies before filing a writ of habeas corpus in federal court.[46]

## IV. Plaintiffs' claims against Attorney Auten are dismissed with prejudice

An attorney appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, . . . not a state actor."[47] As noted above, it is an an essential element of a Section 1983 claim that the defendant be a state actor. Therefore, Plaintiff's claims against Attorney Auten are DISMISSED; further these claims must be dismissed with prejudice, as giving Plaintiff leave to file an amended complaint raising claims under Section 1983 against his court appointed attorney would be futile.

## V. Plaintiff's claims against Officer Landeis

As discussed above, Plaintiff's claims challenging the validity of his confinement resulting from a parole revocation hearing are barred by *Heck.* But a

---

[45] *Shinn v. Ramirez,* 596 U.S. 366, 375 (2002) ("A state prisoner may request that a federal court order his release by petitioning for a writ of habeas corpus.") (citing 28 U.S.C. § 2254).

[46] *Id.* at 378 ("Ordinarily, a state prisoner satisfies [the state court remedies] exhaustion requirement by raising his federal claim before the state courts in accordance with state procedures.").

[47] *See Miranda v. Clark Cnty.*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).

Case No. 3:25-cv-00111-SLG, *Blevins v. Landeis, et al.*
Screening Order
Page 9 of 18

claim against Officer Landies that would not necessarily imply the invalidity of Plaintiff's parole revocation or underlying conviction may be brought in an amended complaint. However, the Ninth Circuit has held repeatedly that state officers are absolutely immune from suits arising from the imposition of parole or probation conditions.[48]

It is unclear what parole violation prompted Officer Landeis' decision to initiate revocation proceedings, but the Complaint suggests that Officer Landeis arrested Plaintiff based on a missed appointment. Although Plaintiff claims he was wrongfully arrested on a "false claim," he does not allege Officer Landeis fabricated evidence or acted outside the scope of their official duties. Rather, Plaintiff claims he reported in as soon as he could and describes his injuries and transportation delays that he may be asserting should have excused his failure to comply with his parole requirements.[49] Liberally construed, Plaintiff believes his rights were violated because Officer Landeis initiated revocation proceedings for a relatively minor violation when the alleged circumstances caused his delay. But Officer Landeis has discretion in determining whether to initiate revocation proceedings for minor violations, such as missed appointments, and is immune from suit based

---

[48] *Swift v. California,* 384 F.3d 1184, 1189 (9th Cir. 2004) ("Absolute immunity has also been extended to parole officials for the imposition of parole conditions ..."); *Chavez v. Robinson*, 12 F.4th 978, 997 (9th Cir. 2021) ("This immunity applies even where parole officers 'impos[e] allegedly unconstitutional parole conditions.' ") (citing *Thornton v. Brown*, 757 F.3d 834, 839–40); *Miller,* 335 F.3d at 895–96 (recognizing the "common-law tradition that extended absolute immunity to individuals performing functions necessary to the judicial process").

[49] Docket 1 at 5.

Case No. 3:25-cv-00111-SLG, *Blevins v. Landeis, et al.*
Screening Order
Page 10 of 18
Case 3:25-cv-00111-SLG   Document 4   Filed 10/30/25   Page 10 of 18

on his discretionary decision to do so. Therefore, Plaintiff fails to state a claim against Officer Landeis.

Although amendment is likely futile,[50] the Court grants Plaintiff leave to revise his claims as to only Officer Landeis in an amended complaint. Plaintiff must not include any claims that would necessarily imply the invalidity of his parole revocation or the underlying criminal conviction.[51] Further, Plaintiff must not bring any claims related to Plaintiff's alleged involuntary medication, DOC's grievance procedure, or his conditions of confinement unless he can link the resulting injury to specific conduct of Officer Landeis. The fact that Plaintiff is alleging that Officer Landeis initiated his return to custody is insufficient to state a cause of action for a violation of Plaintiff's constitutional rights. Liability under Section 1983 requires personal participation in the alleged unconstitutional treatment.[52]

## VI. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[53] Any claim not included in the amended complaint will be considered waived. A

---

[50] *Cf. Williams v. California*, 764 F.3d 1002, 1018-19 (9th Cir. 2014) ("The fact that Plaintiffs have already had two chances to articulate clear and lucid theories underlying their claims, and they failed to do so, demonstrates that amendment would be futile."). *See also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile).

[51] *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*citing Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

[52] *Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir. 1988); *see also Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("[T]here must be a showing of personal participation in the alleged rights deprivation.").

[53] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

Case No. 3:25-cv-00111-SLG, *Blevins v. Landeis, et al.*
Screening Order
Page 11 of 18
Case 3:25-cv-00111-SLG   Document 4   Filed 10/30/25   Page 11 of 18

complaint need only to allege sufficient facts to state a plausible claim for relief.[54] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

Although Plaintiff is being given an opportunity to file an amended complaint as to Officer Landeis only, he must not expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. Any unrelated claims involving different defendants must be brought in a separate lawsuit.

Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances." The allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[55] If handwritten, the allegations must be legible.

If Plaintiff files an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should the

---

[54] Fed. Rule Civ. Proc. 8(a)(2).

[55] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:25-cv-00111-SLG, *Blevins v. Landeis, et al.*
Screening Order
Page 12 of 18
Case 3:25-cv-00111-SLG    Document 4    Filed 10/30/25    Page 12 of 18

amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve a Defendant until the Court so orders.

If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form **within 60 days of the date of this order,** this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim. If this case is dismissed, it will count as a strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.[56]

## VII. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[57] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[58] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[59] Imminent danger requires an allegation that a harm is "ready to

---

[56] *Spencer v. Barajas*, 140 F.4th 1061 (9th Cir. 2025).

[57] 28 U.S.C.A. § 1915(g).

[58] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[59] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

Case No. 3:25-cv-00111-SLG, *Blevins v. Landeis, et al.*
Screening Order
Page 13 of 18
Case 3:25-cv-00111-SLG    Document 4    Filed 10/30/25    Page 13 of 18

take place" or "hanging threateningly over one's head."[60] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[61] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[62]

### VIII. Plaintiff's request for a court-appointed attorney is DENIED

Plaintiff's request for immediate legal representation does not indicate whether Plaintiff seeks a court-appointed in this case, or for an order replacing Attorney Auten in his state court proceedings. Either way, Plaintiff's request is denied.

The Court must abstain from interfering with ongoing state court proceedings absent extraordinary circumstances.[63] To the extent Plaintiff seeks an attorney for his post-conviction relief proceedings in state court, Plaintiff's request is DENIED.

To the extent Plaintiff seeks a court-appointed attorney to represent him in this case, his request is also DENIED. There is no constitutional right to appointed counsel in a civil action.[64] A federal court "may request an attorney to represent

---

[60] *Andrews,* 493 F.3d at 1056 (cleaned up).

[61] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[62] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[63] *Younger v. Harris*, 401 U.S. 37 (1971).

[64] *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern

Case No. 3:25-cv-00111-SLG, *Blevins v. Landeis, et al.*
Screening Order
Page 14 of 18
Case 3:25-cv-00111-SLG     Document 4     Filed 10/30/25     Page 14 of 18

any person unable to afford counsel."[65] However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary and granted only in exceptional circumstances.[66] When determining whether "exceptional circumstances" exist, a court must consider the plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims in light of the complexity of the legal issues involved.[67] Here, Plaintiff has not demonstrated a likelihood of success on the merits. Further, although Section 1915(e)(1) permits a court to request a volunteer attorney, the Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff.

**IT IS THEREFORE ORDERED:**

1.  Plaintiff's Complaint at **Docket 1 is DISMISSED** with leave to file an amended complaint solely as to Officer Landeis.

2.  Plaintiff is accorded **60 days** from the date of this order to file either:

    a.  <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended

---

civil cases."); *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[65] 28 U.S.C. § 1915(e)(1).

[66] *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir.1980).

[67] *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986) (quoting *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983)).

Case No. 3:25-cv-00111-SLG, *Blevins v. Landeis, et al.*
Screening Order
Page 15 of 18
Case 3:25-cv-00111-SLG   Document 4   Filed 10/30/25   Page 15 of 18

complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.

4. A Notice of Voluntary Dismissal does not count as a strike.[68]

5. Plaintiff's application to waive *prepayment* of the filing fee at **Docket 2** **is GRANTED.**

6. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[69] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the filing fee directly from Plaintiff's prisoner trust account.

7. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner

---

[68] *Spencer v. Barajas,* 140 F.4th 1061 (9th Cir. 2025).

[69] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 3:25-cv-00111-SLG, *Blevins v. Landeis, et al.*
Screening Order
Page 16 of 18
Case 3:25-cv-00111-SLG   Document 4   Filed 10/30/25   Page 16 of 18

Application to Waive the Filing Fee (Form PS11).[70] Failure to comply may result in dismissal of this action.

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[71] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

9. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

10. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[72] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of

---

[70] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[71] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[72] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:25-cv-00111-SLG, *Blevins v. Landeis, et al.*
Screening Order
Page 17 of 18
Case 3:25-cv-00111-SLG    Document 4    Filed 10/30/25    Page 17 of 18

Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

11. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 30th day of October, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00111-SLG, *Blevins v. Landeis, et al.*
Screening Order
Page 18 of 18
Case 3:25-cv-00111-SLG   Document 4   Filed 10/30/25   Page 18 of 18