# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

STEVEN GREGORY BLEVINS,

    Plaintiff,

v.

RILEY B. LANDEIS,

    Defendant.

Case No. 3:25-cv-00111-SLG

## ORDER OF DISMISSAL

On November 17, 2025, self-represented prisoner Steven Gregory Blevins ("Plaintiff") filed First Amended Complaint ("FAC"), a copy of the First Amended Petition his attorney filed in his state court post-conviction proceeding, and a typed three-page narrative.[1] Plaintiff claims his parole officer, Riley Landeis, violated his due process rights on or about July 17, 2024 for the same reasons discussed in his original Complaint and in the Court's Screening Order.[2] Although the Court's Screening Order instructed Plaintiff not include any claims that would necessarily imply the invalidity of his parole revocation or the underlying criminal conviction,[3] Plaintiff's FAC challenges his parole revocation. For relief, Plaintiff seeks $1 in

---

[1] Docket 5.

[2] *See* Docket 4 at 5.

[3] Docket 4 at 7-8; *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*citing Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

damages, an order releasing him from prison back onto parole, and to be assigned a new parole officer.[4]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[5] of the Courtview records of the Alaska Trial Courts.[6] According to the publicly available state court docket records, Plaintiff's application for post-convicted relief was denied and the state court case was closed on December 9, 2025.[7] It does not appear that Plaintiff has appealed that decision.

As was previously explained in the Court's Screening Order, unless and until Plaintiff's parole revocation decision has been reversed, expunged, set aside, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff is barred from seeking monetary damages arising from it.[8] Because the record clearly demonstrates that has not occurred, Plaintiff's claim seeking

---

[4] Docket 5 at 5.

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); See also *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[6] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[7] *In the Matter of: Blevins, Steven G vs. State of Alaska,* Case No. 3AN-25-04659CI, Docket Entry 02/06/206 (Application for Post-Conviction Relief; Criminal Case Number: 3AN-93-04531CR), Docket Entry 12/09/2025 (Order Granting the State of Alaska's Motion for Summary Disposition; Case Dismissed; Case Closed.). *See also* Docket 5-1 at 2 ("After a parole board hearing on September 11, 2024, parole was revoked and the entire remaining 5,479 days of his sentence was imposed.").

[8] See Docket 4 at 7-8. *Zupan v. Brown,* 5 F. Supp. 2d 792, 795 (N.D. Cal. 1998) (finding "that the requirements of Heck apply with equal force to parole revocations as to convictions.").

Case No. 3:25-cv-00111-SLG, *Blevins v. Landeis, et al.*
Order of Dismissal
Page 2 of 3
Case 3:25-cv-00111-SLG     Document 6     Filed 03/02/26     Page 2 of 3

damages for his parole revocation is dismissed without prejudice. If Plaintiff's parole revocation is set aside by the state court, Plaintiff may be able to seek compensatory and punitive damages for the harm caused if he can plead sufficient facts to state a plausible claim under Section 1983.[9] And, as was previously explained in the Screening Order, Plaintiff cannot maintain a claim seeking habeas relief in the form of reinstatement of his parole from this Court unless and until he has fully exhausted his state court remedies seeking such relief.[10]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's FAC at **Docket 5 is DISMISSED without prejudice.**

2. This dismissal does **not** count as a strike under 28 U.S.C. § 1915(g).

3. All pending motions are **DENIED as moot.**

4. The Clerk of Court shall issue a final judgment and close this case.

DATED this 2nd day of March, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[9] *See* Ninth Circuit Manual of Model Civil Jury Instructions and the cases cited therein.

[10] Docket 4 at 7-9.

Case No. 3:25-cv-00111-SLG, *Blevins v. Landeis, et al.*
Order of Dismissal
Page 3 of 3
Case 3:25-cv-00111-SLG    Document 6    Filed 03/02/26    Page 3 of 3